**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **KENT W. RATHMANN, INDIVIDUALLY AND ON BEHALF OF ALL HEIRS-AT-LAW AND WRONGFUL DEATH BENEFICIARIES OF NICOLE MARIE RATHMANN, DECEASED AND THE ESTATE OF NICOLE MARIE RATHMANN** | **PLAINTIFFS** |
| **v.** | **CAUSE NO.:** 3:20-cv-33-HTW-LRA |
| **MISSISSIPPI DEPARTMENT OF CORRECTIONS, COMMISSIONER PELICIA E. HALL, IN HER OFFICIAL CAPACITY, CENTRAL MISSISSPPI CORRECTIONAL FACILITY, SUPERINTENDENT RON KING, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, WARDEN DEAN EPPS, IN HIS INDIVIDUAL AND OFFICIAL CAPACITIES, AND CORRECTIONAL OFFICES JOHN DOES 1-10, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES REPRESENTING PRISON GUARDS OF THE CENTRAL MISSISSIPPI CORRECTIONAL FACILITY AND/OR OTHER EMPLOYEES, INCLUDING SUPERVISORY OFFICIALS WHOSE IDENTITIES ARE CURRENTLY UNKNOWN** | **DEFENDANTS** |

_____

**COMPLAINT**
(Jury Trial Demanded)
_____

COMES NOW, Plaintiffs Kent W. Rathmann, Individually and On Behalf of All Heirs-At-Law and Wrongful Death Beneficiaries of Nicole Marie Rathmann, Deceased and The Estate of Nicole Marie Rathmann, by counsel, and file this their *Complaint* against Mississippi Department of Corrections, Commissioner Pelicia E. Hall, in her official capacity, Central Mississippi Correctional Facility, Superintendent Ron King, in his individual and official capacities, Warden Dean Epps, in his individual and official capacities and Jail employees "John Does" 1-10 in their individual and official

capacities, to recover actual and punitive damages (against the individually named Defendants) for the Defendants' intentional violation of the decedent's Fourth (4th), Fifth (5th) Eighth (8th) and Fourteenth (14th) Amendment rights to be free from cruel and unusual punishment, made actionable pursuant 42 U.S.C. §1983, attorney's fees pursuant to 42 U.S.C. §1988, and also the common law right to be free from law enforcement evincing reckless disregard for the decedent made actionable pursuant to the Mississippi Tort Claims Act ("MTCA"), and Mississippi common law and would show unto the Honorable Court the following, to-wit:

## PARTIES

1. Plaintiff Kent W. Rathmann is an adult resident citizen of Cook County, Illinois, residing at 4517 Warsaw Avenue, Lyons, IL 60534. He brings suit on behalf of Nicole Marie Rathmann, deceased for the intentional/negligent actions that caused her death.

2. Defendant Mississippi Department of Corrections ("MDOC") is a governmental entity that may be served with process upon the Commissioner Pelicia E. Hall, located at 633 North State Street, Jackson, MS 39202.

3. Defendant Commissioner Pelicia E. Hall ("Comm. Hall") is an adult resident citizen of the State of Mississippi, and she may be served at her place of employment, located at 633 North State Street, Jackson, MS 39202.

4. Defendant Central Mississippi Correctional Facility ("CMCF") is a governmental entity which may be served with process on its Superintendent Ron King and/or Warden Dean Epps, located at 3794 Highway 468 West, Pearl, MS 39208.

5. Defendant Superintendent Ron King ("Supt. King") is an adult resident citizen, employed as Superintendent for the Central Mississippi Correctional Facility, and he may be served at his place of employment, located at 3794 Highway 468 West, Pearl, MS 39208.

6. Defendant Warden Dean Epps ("Warden Epps") is an adult resident citizen, employed as Warden for the Central Mississippi Correctional Facility, and he may be served at his place of employment, located at 3794 Highway 468 West, Pearl, MS 39208.

7. Defendant Correctional Officers John Does 1-10 ("Does" are adult resident citizens of Rankin County, employed by Central Mississippi Correctional Facility and they may be served with process at their place of employment, Central Mississippi Correctional Facility, located at 3794 Highway 468 West, Pearl, MS 39208.

## JURISDICTION and VENUE

8. This action is being brought pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343 (1-4), and 2202 as this case involves a Federal Question based on Decedent's protected rights under the U.S. Constitution particularly the 4th, 5th, 8th, and 14th Amendments and 42 U.S.C. §1983, and §1988. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate State law claims pursuant to 28 U.S.C. §1367. These pendent state law claims include, without limitation, Title 11, Chapter 46, known as the Mississippi Tort Claims Act and the Mississippi Wrongful Death Act, §11-7-13 of the Mississippi Code of 1972, as amended, common law claims of negligence and intentional torts.

9. Venue is proper in the Southern District of Mississippi, pursuant to 28 U.S.C. §1391 since the actions complained of giving rise to this claim occurred in this judicial district. The matter in controversy exclusive of interests and costs exceeds $100,000.00 (One Hundred Thousand Dollars).

## STATEMENTS

10. Decedent Nicole Marie Rathmann was an inmate at Central Mississippi Correctional Facility on August 23, 2018. Later that day, while in her assigned building "Quick Bed A Building," Decedent was essentially administered the death penalty by a fellow inmate, Della Mae White, brutal assault on Ms. Rathmann. During the course of this unconstitutional assault, not one single jail guard or official attempted to stop the attack, intercede to prevent further abuse or offered medical assistance to Ms. Rathmann after she was obviously seriously injured or dead. This unconscionable conduct violated both Federal and State Law. Justice for these acts is sought by this lawsuit.

## FACTS

11. The actions involved in this case are the result of the practices, policies and/or customs of Defendant Central Mississippi Correctional Facility's employees including the Superintendent, Warden, Jailers, other supervisory officials, and/or other employees in the operation of the prison.

12. This is a claim for Federal law violations, State law negligence, intentional torts and wrongful death filed by Plaintiffs. These violations caused pain and suffering and ultimately the death of Nicole Marie Rathmann on August 23, 2018. Ms. Rathmann was only thirty-three (33) years old when she died.

13. Decedent was not made safe by employees of Mississippi Department of Corrections and Central Mississippi Correctional Facility while in their custody. Rather, Defendants Supt. Hall, Warden Epps, Jailer "John Does" Jail employees of Central Mississippi Correctional Facility breached their duty to monitor, care for, and provide necessary medical attention to Nicole Marie Rathmann, Deceased. By doing so, Defendants were deliberately indifferent to Nicole Marie Rathmann's constitutional rights, physical welfare and ultimately her life.

14. Specifically, while in her cell at the "Quick Bed A Building", inmate Della White entered Ms. Rathmann's cell and brutally attacked her while she lay in her bunk.

15. Inmate White brutally struck Ms. Rathmann in the head multiple times with a sock filled with locks and bars of soap.

16. At no time during the assault of Ms. Rathmann did any of Defendants attempt to stop, intercede, or prevent the brutal beating of Nicole M. Rathmann.

17. Eventually Ms. Rathmann was discovered in her cell unresponsive in a seizure-like position, and she was transported to Merit Health – Central.

18. It was at Merit Health – Central that physicians determined that Ms. Rathmann had sustained a massive left cerebral infraction with midline shift (intracranial bleeding).

19. This was not the first time that Ms. Rathmann endured physical assault from a fellow inmate. Prior to being assaulted by Inmate White, Ms. Rathmann was struck in the head by Inmate Marian O'Quinn with a phone causing injuries to her head.

20. Again, no jail official, guard, employee, MDOC officer, or other CMCF officer attempted to stop the beating of Ms. Rathmann or offer immediate medical assistance following the assault despite knowing about the horrible, obvious and life threatening injuries she received.

Despite having knowledge of the head injury caused by Inmate O'Quinn, Defendants' never sent Ms. Rathmann for any x-rays or CT scans to determine if she had suffered any brain damage.

21. As a result of the Defendants' negligent actions, Decedent expired on August 23, 2018 due to the severe head injuries she suffered.

22. At al relevant times, Defendants "John Does" were on duty at the CMCF.

23. At all relevant times, Defendants Comm. Hall, Supt. King, Warden Epps were the commanding officers throughout the entire incident and responsible for the actions and/or inactions of the aforementioned "John Does." They were also responsible for insuring that Ms. Rathmann was kept safe. Comm. Hall, Supt. King, and Warden Epps failed to keep Decedent safe from harm caused by the actions of those under their command and/or Decedent's fellow inmates.

24. The resulting injuries and wrongful death sustained by Decedent Rathmann were caused solely by the Defendants, in violation of Decedent Rathmann's Civil and Constitutional rights, Mississippi State law and without any cause, provocation, or negligence on the part of Decedent Rathmann contributing thereto.

## FIRST CAUSE OF ACTION
**(Violation of Due Process and Cruel and Unusual Punishment under 42 U.S.C. §1983)**

25. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 24, inclusive, as if fully set forth herein.

26. Defendants "John Does" that negligently failed to properly monitor Decedent in her cell, thereby allowing Decedent to be brutally assaulted in violation of her due process rights, exerting cruel and unusual punishment in failing to intercede and/or prevent the attack on Ms. Rathmann by her fellow inmates White and O'Quinn. These acts were unconstitutional in violation of Ms. Rathmann's 4th, 5th, 8th, and 14th Amendment Rights. Ms. Rathmann was an inmate and this treatment was a violation of her due process rights to be free from cruel and unusual punishment.

27. As a result, Ms. Rathmann suffered serious injuries, pain and suffering, fear of impending death, loss of enjoyment of life and ultimately a wrongful death.

## SECOND CAUSE OF ACTION
**(Negligent Training, Staffing, Supervision and Retention as to Defendants MDOC, Comm. Hall, CMCF, Supt. King, and Warden Epps)**

28. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. At all relevant times, Defendant MDOC, Comm. Hall, CMCF, Supt. King, and Warden Epps had a duty to screen applicants for hire to its Correctional Facility, properly staff, retain or to discharge from its employ those employees who were not fit, suitable, properly trained and instructed, that constituted a potential menace, hazard, or danger to the public, those with vicious propensities and those with emotional, physical, psychological, racist, biased and/or physiological

traits or characteristics unsuitable, unstable, or contraindicated for such employment.

30. At all relevant times, it was the duty of Defendant MDOC, Comm. Hall, CMCF, Supt. King, and Warden Epps to sufficiently hire, train and retain personnel within the Correctional Facility and at the supervisory, and lower ranked levels so as to sufficiently discipline, supervise, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, prison guards, jail/detention center employees and/or personnel.

31. Upon information and belief, the unidentified Central Mississippi Correctional Facility personnel "John Does 1-10" that negligently failed to monitor inmates, failed to intercede and/or prevent the assault of Decedent, and failed to seek timely medical care were improperly trained, hired, supervised and retained by Defendants MDOC, Comm. Hall, CMCF, Supt. King, and Warden Epps. MDOC was also severely understaffed at the time of the assaults of the decedent by the two previously named inmates.

32. As a result of the Defendants' negligence in its training, hiring, staffing, supervision and retention of the Defendant jailers, officers, sergeants, and Correctional Facility personnel, the Decedent was caused to suffer grave injuries that led to her death, without fault or contribution by the Decedent.

## THIRD CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. §1983)

33. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 32, inclusive, as if fully set forth herein.

34. Upon information and belief, among the individually-named Defendants were supervisors, like Defendant Superintendent King, Warden Epps and "John Does 1-10" who were assigned to supervise and control the actions of the CMCF jailers.

35. These Defendants violated their supervisor duties by failing to monitor, care for those in their custody like the Decedent, participating in and/or ordering the vicious attack on Ms. Rathmann, and/or negligently to prevent/intercede on the vicious attack of Ms. Rathmann, without justification.

### FOURTH CAUSE OF ACTION
**(Failure to Intervene under 42 U.S.C. §1983)**

36. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 35, inclusive, as if fully set forth herein.

37. Each of the Defendants had a duty to intervene when they saw and/or heard illegal conduct taking place in connection with the brutal beatings and failure to obtain timely and effective medical care for Ms. Rathmann.

38. In particular, once Ms. Rathmann was assaulted by her fellow inmates, the Defendants failure to stop the attack and provide timely medical care violate the Defendants' duty to intervene and put a stop to the unconstitutional acts taking place.

39. The failure of these Defendants to do so contravened Ms. Rathmann's constitutional rights and violated 42 U.S.C. §1983. As a result, Ms. Rathmann suffered serious physical injuries, including loss of enjoyment of life and a wrongful death.

### FIFTH CAUSE OF ACTION

**(Negligence of Defendants John Does 1-10)**

40. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 39, inclusive as if fully set forth herein.

41. Defendants John Does 1-10 negligently failed to provide for the safety, security and protection of the Decedent by failing to comply with the MDOC and CMCF's own rules of conduct as it related to the monitoring of prisoners and getting medical assistance for prisoners in need. MDOC and CMCF had implemented a set of guidelines requiring Correctional Offices to monitor prisoners and obtain timely and effective medical care to those prisoners who were in obvious need of such care. The named Defendants' failure to do so was in violation of these policies and constituted negligence including the negligent infliction of emotional distress.

42. As a result of the foregoing, Decedent sustained serious physical injuries that resulted in significant injuries including her death.

## SIXTH CAUSE OF ACTION
**(Wrongful Death under Mississippi State Law)**

43. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 42, inclusive, as if fully set forth herein.

44. The Defendants' wrongful acts of preventing the Decedent from being attacked and seeking immediate medical attention, and the failure to properly treat the Decedent after being beaten and traumatized, caused the wrongful death of Ms. Rathmann.

45. As a result of the foregoing, the Defendants are liable for the injuries, pecuniary losses, loss of enjoyment of life, conscious pain and suffering, companionship,

loss of love, loss of society and any and all other losses suffered by Ms. Rathmann including her wrongful death. Those pecuniary losses include without limitation financial support of her family, funeral expenses and any other pre-death costs associated with in incarceration.

## SEVENTH CAUSE OF ACTION
### (Reckless Disregard)

46. Plaintiffs hereby repeat and reallege each and every allegation in paragraphs 1 through 45, inclusive, as if fully set forth herein.

47. Plaintiffs would show unto the Court the Defendants took actions that had reckless disregard for the safety and well-being of Decedent Rathmann. The MDOC policies, customs, or practices of being understaffed and failing to properly monitor or timely render medical aid or assistance were the moving force behind Ms. Rathmann's injuries and ultimate death.

**WHEREFORE, THE ABOVE BEING CONSIDERED,** the Plaintiffs respectfully pray for a judgment against all Defendants, including compensatory damages, punitive damages against the Defendants, any and all damages allowed by State and Federal law including attorney's fees, in an aggregate amount well above the jurisdictional amount needed to bring this case in this Court and no less than $3,000,000.00.

Respectfully submitted, this the 16th day of January, 2020.

**KENT W. RATHMANN, et al., Plaintiffs**

**s/ Carlos E. Moore**

**By:** _____
**Carlos E. Moore, MSB# 100685**

OF COUNSEL:

**THE COCHRAN FIRM – Mississippi Delta**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: cmoore@cochranfirm.com