UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENT W. RATHMANN, individually and            PLAINTIFF
on behalf of all heirs-at-law and wrongful
death beneficiaries of Nicole Marie Rathmann,
deceased, and the Estate of Nicole Marie Rathmann

V.                     CIVIL ACTION NO.  3:20-CV-33-KHJ-LGI

MISSISSIPPI DEPARTMENT OF CORRECTIONS,       DEFENDANTS
COMMISSIONER PELICIA E. HALL, in her official
capacity, CENTRAL MISSISSIPPI CORRECTIONAL
FACILITY, SUPERINTENDENT RON KING, in his individual
and official capacities, WARDEN DEAN EPPS, in his individual
and official capacities, and CORRECTIONAL OFFICERS JOHN
DOES 1-10, in their individual and official capacities representing
prison guards of the Central Mississippi Correctional Facility
and/or other employees, including supervisory officials whose
identities are currently unknown

ORDER

This action is before the Court on the Motion to Dismiss [9] filed by Defendants Mississippi Department of Corrections ("MDOC"), Commissioner Pelicia E. Hall in her official capacity, Central Mississippi Correctional Facility ("CMCF"), Superintendent Ron King, in his individual and official capacities, and Warden Dean Epps, in his individual and official capacities. For the reasons below, the Court grants this motion.

I.      Facts and Procedural History

Decedent Nicole Marie Rathmann ("Ms. Rathmann") was an inmate at CMCF. Compl. [1] ¶ 10. In August 2018, while Ms. Rathmann was in her cell at the

"Quick Bed A Building," a fellow inmate, Della Mae White brutally assaulted Ms. Rathmann by repeatedly striking her in the head with a sock filled with locks and bars of soap. *Id.* ¶¶ 10, 14-15. No officials at CMCF tried to "stop, intercede, or prevent the brutal beating of Nicole M. Rathmann." *Id.* ¶ 16.

Officials discovered Ms. Rathmann later in her cell, "unresponsive in a seizure-like position," and brought her to a nearby hospital. *Id.* ¶ 17. Hospital physicians diagnosed Ms. Rathmann with a "massive left cerebral infraction with midline shift (intracranial bleeding)." *Id.* ¶ 18. These injuries ultimately caused Ms. Rathmann's death. *Id.* ¶ 23.

Before White's attack, another inmate, Marian O'Quinn, assaulted Ms. Rathmann by striking her in the head with a phone. *Id.* ¶ 20. No CMCF official tried to stop this attack or offered Ms. Rathmann medical assistance. *Id.*

Plaintiff Kent W. Rathmann ("Rathmann") sues under 42 U.S.C. § 1983, on his own behalf, on behalf of all Ms. Rathmann's heirs-at-law and wrongful death beneficiaries, and on behalf of her estate. He names as Defendants MDOC, Hall in her official capacity, King in his individual and official capacities, Epps in his individual and official capacities, and Correctional Officers John Does 1-10 ("Doe Defendants") in their individual and official capacities. During the relevant time, Hall was the Commissioner of MDOC, King was the Superintendent of CMCF, and Epps was the Warden of CMCF.

II.     Standard

The motion seeks dismissal under Federal Rule of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

Motions brought under Rule 12(b)(1) challenging the Court's subject matter jurisdiction may rest on any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). The motion here bases its jurisdictional attack on the Complaint's facial allegations, supplemented by undisputed facts.

In reviewing a Rule 12(b)(6) motion for failure to state a claim, "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)) (alteration omitted). That means it contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

III.   Analysis

    A.   Claims against MDOC

MDOC argues it is immune from Rathmann's § 1983 and state law claims because Mississippi has not waived Eleventh Amendment sovereign immunity. MDOC moves under Rule 12(b)(1) as "[sovereign] immunity deprives federal courts of subject matter jurisdiction." *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (citing *Chapa v. U.S. Dep't of Justice*, 339 F.3d 388, 389 (5th Cir. 2003)).

        1.   § 1983 Claims

MDOC raises Eleventh Amendment immunity from § 1983 liability. It is true that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Green Valley Special Util. Dist.*, 969 F.3d 460, 474-75 (5th Cir. 2020) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). This principle extends "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Will*, 491 U.S. at 70. The Fifth Circuit has held that MDOC is an arm of the state of Mississippi and immune from suit under § 1983. *See Hines v. Miss. Dep't of Corr.*, 239 F.3d 366, 2000 WL 1741624, at *3 (5th Cir. 2000) (per curiam).

Rathmann does not dispute that MDOC is an arm of the state. Instead, he argues sovereign immunity does not apply because his claims are "ancillary" to

4

injunctive relief against the named state officials, relying on *Edelman v. Jordan*, 415 U.S. 651 (1974). But Rathmann does not request injunctive relief in his Complaint; he requests only "compensatory damages, punitive damages against the Defendants, any and all damages allowed by State and Federal law including attorney's fees, in an aggregate amount . . . no less than $3,000,000.00." [1] at p. 11. The relief sought falls into the category of suits barred by state sovereign immunity —"a suit by private parties seeking to impose liability which must be paid from public funds in the state treasury." *Fontenot v. McCraw*, 777 F.3d 741, 753 (5th Cir. 2015) (quoting *Edelman*, 415 U.S. at 663).

For these reasons, the Court finds MDOC is immune from suit under § 1983 and dismisses the § 1983 claims with prejudice.

    2.    State Law Claims

MDOC argues it is immune from state law liability by the Mississippi Tort Claims Act ("MTCA"). The MTCA bars liability for any government entity or employees acting within the course and scope of their employment for any state law claims brought by "any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution." Miss. Code Ann. § 11-46-9(1)(m). Rathmann agrees the MTCA "provides the exclusive remedy for any claim in tort" against MDOC but claims wrongful death beneficiaries are not barred by the MTCA. Memo. in Opposition [13] at 8.

The Mississippi Supreme Court previously rejected that argument. Because "a wrongful death suit is a derivative action by the beneficiaries, and those beneficiaries, therefore, stand in the position of their decedent," the Mississippi Supreme Court has held the MTCA bars these claims as well. *Webb v. DeSoto Cty.*, 843 So.2d 682, 684 (Miss. 2003) (citations omitted). The MTCA precludes Rathmann's state law claims against MDOC, and the Court dismisses them with prejudice.

B.   Claims Against CMCF

CMCF argues that it is not a "person" able to be sued under § 1983. Numerous courts have held "a prison or jail are not entities that can be sued under Section 1983 . . . because they are not 'persons' for purposes of suit under Section 1983, as the state and case law define that term." *See Merrill v. St. Bernard Parish Prison*, No. 13-5834, 2014 WL 991688, at *9 (E.D. La. Mar. 10, 2014) (collecting cases). Rathmann does not respond to this argument. For these reasons, the Court dismisses the § 1983 claims against CMCF with prejudice. Because CMCF is under MDOC's authority and also subject to the MTCA, the state law claims against CMCF are likewise barred. The Court therefore dismisses the state law claims against CMCF with prejudice as well.

C.   Claims against Hall, King, and Epps

Hall, King, and Epps move for dismissal under Rules 12(b)(1) and (b)(6). They contend that Rathmann's § 1983 claims should be dismissed under Rule 12(b)(6), because the claims against them in their official capacity are duplicative of the

claims against MDOC; that the claims against them in their individual capacity should be dismissed under Rule 12(b) because they are barred by qualified immunity; and that MTCA immunity bars the state law claims against them and they must be dismissed under Rule 12(b)(1). The Court addresses each in turn.

    1.    § 1983 Claims

        a.    Official Capacity Claims

First, the Court notes that § 1983 claims against individual defendants in their official capacity are merely "another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs. of City of NY*, 436 U.S. 658, 690 n.55 (1978). As a result, all claims against Hall, King, and Epps in their official capacity are duplicative of the claims against MDOC and CMCF. The Court therefore dismisses these claims with prejudice.

        b.    Individual Capacity Claims

King and Epps[1] argue qualified immunity bars the claims against them in their individual capacities. "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 347 (5th Cir. 2017) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc)). "A good-faith assertion of qualified immunity" shifts the burden of proof to the plaintiff "to show that the defense is not available." *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (internal citations omitted). To rebut King and Epps'

---

[1] Rathmann does not bring a § 1983 claim against Hall in her individual capacity.

7

assertion of qualified immunity, Rathmann must establish that each Defendant "(1) violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Brinsdon*, 863 F.3d at 347 (quoting *Swanson*, 659 F.3d at 371) (internal quotations omitted). Rathmann brings two alleged constitutional violations against both King and Epps—supervisory liability and failure to intervene. *See* Compl. [1] ¶¶ 33-39.

King and Epps argue only that they cannot be held liable under a supervisory liability theory and fail to address the failure to intervene claim.[2] So the Court assumes King and Epps move only to dismiss the § 1983 supervisory liability claims. Because Rathmann has not pleaded sufficient facts to support a constitutional violation on a supervisory liability theory, the Court need not reach the second portion of the qualified immunity analysis.

"Section 1983 does not create supervisory or *respondeat superior* liability." *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (quoting *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002)). Instead, Rathmann must establish that King and Epps were "personally . . . involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Id.* (quoting *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003)). Rathmann alleges that

---

[2] The Fifth Circuit recognizes a cause of action for failure to intervene under § 1983. *See Joseph v. Barlett*, 981 F.3d 319, 343-45 (5th Cir. 2020). The Court does not address whether Rathmann properly pleads the failure to intervene claims against King and Epps, but only that King and Epps have failed to argue that these claims are barred by qualified immunity.

King and Epps had a duty "to supervise and control the actions of the CMCF jailers." Rathmann also alleges the Defendants, collectively and including the Doe Defendants, "violated their supervisor duties by failing to monitor, care for those in their custody like the Decedent, participating in and/or ordering the vicious attack on Ms. Rathmann, and/or negligently to prevent/intercede on the vicious attack of Ms. Rathmann, without justification." Compl. [1] ¶¶ 34-35.

Rathmann's collective allegations cannot meet his pleading burden and overcome King and Epps' assertion of qualified immunity. "[P]laintiffs suing government officials in their individual capacities must allege specific conduct giving rise to a constitutional violation." *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999) (citing *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995)). Rathmann "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Id.* (citing *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)). "Collective allegations" cannot defeat a §1983 defendant's qualified immunity defense. *See Bivens v. Forrest Cty.*, No. 2:13-CV-8-KS-MTP, 2015 WL 1457529, at *7 (S.D. Miss. Mar. 30, 2015) (citing *Anderson*, 184 F.3d at 444).

Rathmann does not specifically allege how King or Epps "participated in" or "ordered" the attack on Ms. Rathmann, nor does he allege any specific "causal connection" between any action on the part of King or Epps which led to the deprivation of Ms. Rathmann's constitutional rights. *See Brown*, 911 F.3d at 245 (citing *Evett*, 330 F.3d at 689). Instead, Rathmann argues the "special relationship"

9

exception discussed in *DeShaney v. Winnebago Cty. Dep't of Soc. Serv.*, applies to overcome King and Epps' assertion of qualified immunity. 489 U.S. 189 (1989). The "special relationship" discussed in *DeShaney* speaks only to whether the State can be liable to individuals with whom it holds a "special relationship" for a failure to protect those individuals from harm by a non-state actor. *Id.* at 197. Nothing in *DeShaney* purports to act as a bar to a qualified immunity defense.

Because Rathmann has failed to plead a constitutional violation on a supervisor liability theory, the Court dismisses with prejudice the § 1983 claims under this theory against King and Epps in their individual capacities.

      2.      State Law Claims

Hall, King, and Epps argue the MTCA bars the state law claims against them. As discussed above, *see supra* III.A.2, the MTCA bars any claim against a government entity and its employees acting within their scope of employment brought by claimants who are inmates when the claim arises. *See* Miss. Code Ann. § 11-46-9(1)(m). The state law claims brought against Hall, King, and Epps are accordingly barred, and the Court dismisses them with prejudice.

    E.    Doe Defendants

Defendants do not move to dismiss the claims against the Doe Defendants. That said, because the state law claims fail against the Doe Defendants under the MTCA for the same reason as those against Hall, King, and Epps, the Court dismisses them with prejudice. *See* Miss. Code Ann. § 11-46-9(1)(m). Similarly, because the § 1983 claims against the Doe Defendants in their official capacities are

duplicative of the claims against MDOC, the Court dismisses those claims with prejudice as well. *See Monell*, 436 U.S. at 690 n.55. The Court, however, will allow the individual claims against the Doe Defendants to remain.

      F.     Rathmann's Request for Discovery

Rathmann asks that the Court order limited discovery before dismissing his claims on qualified immunity grounds. Before a district court can allow limited discovery on a motion for qualified immunity, it must first find the plaintiff has "[pled] specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). After this finding is made, the Court may order limited discovery if it "remains 'unable to rule on the immunity defense without further clarification of the facts.'" *Id.* (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)).

Rathmann has not pled sufficient facts to overcome a qualified immunity defense on his § 1983 claims for supervisory liability against King and Epps. As a result, the Court cannot order limited discovery on this claim.

VI.    Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the Court's decision. For these reasons, the Court GRANTS the Motion to Dismiss [9].

These claims are DISMISSED WITH PREJUDICE: all claims against MDOC; all claims against CMCF; all claims against Hall, King, Epps, and the Doe

11

Defendants in their official capacities; all state law claims against Hall, King, Epps, and the Doe Defendants; and the § 1983 claims based on supervisory liability against King and Epps in their individual capacities.

These claims remain pending: the § 1983 claims for failure to intervene against King and Epps in their individual capacities and the § 1983 claims against the Doe Defendants in their individual capacities.

SO ORDERED AND ADJUDGED this the 29th day of January, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT