UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENT W. RATHMANN, individually and                                    PLAINTIFF
on behalf of all heirs-at-law and wrongful
death beneficiaries of Nicole Marie Rathmann,
deceased, and the Estate of Nicole Marie Rathmann

V.                                         CIVIL ACTION NO. 3:20-CV-33-KHJ-LGI

SUPERINTENDENT RON KING, in his individual                            DEFENDANTS
capacity, WARDEN DEAN EPPS, in his individual
capacity, and CORRECTIONAL OFFICERS JOHN
DOES 1-10, in their individual capacities representing
prison guards of the Central Mississippi Correctional Facility
and/or other employees, including supervisory officials whose
identities are currently unknown

ORDER

This action is before the Court on the Motion for Judgment on the Pleadings [22] filed by Defendants Superintendent Ron King and Warden Dean Epps in their individual capacities. For these reasons, the Court grants this motion.

I.   Facts and Procedural History

Decedent Nicole Marie Rathmann ("Ms. Rathmann") was an inmate at Central Mississippi Correctional Facility ("CMCF"). Compl. [1] ¶ 10. In August 2018, while Ms. Rathmann was in her cell at the "Quick Bed A Building," a fellow inmate, Della Mae White brutally assaulted Ms. Rathmann by repeatedly striking her in the head with a sock filled with locks and bars of soap. *Id.* ¶¶ 10, 14-15. No

officials at CMCF tried to "stop, intercede, or prevent the brutal beating of Nicole M. Rathmann." *Id.* ¶ 16.

Officials discovered Ms. Rathmann later in her cell "unresponsive in a seizure-like position" and brought her to a nearby hospital. *Id.* ¶ 17. Hospital physicians diagnosed Ms. Rathmann with a "massive left cerebral infraction with midline shift (intracranial bleeding)." *Id.* ¶ 18. These injuries ultimately caused Ms. Rathmann's death. *Id.* ¶ 23.

Before White's attack, another inmate, Marian O'Quinn, assaulted Ms. Rathmann by striking her in the head with a phone. *Id.* ¶ 20. No CMCF official tried to stop this attack or offered Ms. Rathmann medical assistance. *Id.*

Plaintiff Kent W. Rathmann ("Rathmann") sues under 42 U.S.C. § 1983, on his own behalf, on behalf of all Ms. Rathmann's heirs-at-law and wrongful death beneficiaries, and on behalf of her estate. He named as Defendants Mississippi Department of Corrections ("MDOC"), CMCF, Pelicia Hall in her official capacity, and King, Epps, and Correctional Officers John Does 1-10 ("Doe Defendants") in their individual and official capacities. During the relevant time, King was the Superintendent of CMCF, and Epps was the Warden of CMCF. The Court dismissed the state law claims and the § 1983 claims against MDOC, CMCF, and all individuals in their official capacity. Order [18]. The Court also dismissed the claims against King and Epps in their individual capacity based on *respondeat superior*. *Id.*

King and Epps now move to dismiss the rest of the claims against them in their individual capacities based on qualified immunity. [22]. Rathmann requests limited discovery to obtain facts sufficient to defeat qualified immunity. [25].

II.     Standard

King and Epps bring their motion under Federal Rule of Civil Procedure 12(c).[1] "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 305, 313 n.8 (5th Cir. 2002)). Under a Rule 12(b)(6) analysis, "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)) (alteration omitted). That means it contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1] Rathmann argues that a motion under Rule 12(c) is premature because the pleadings have not closed given the Court has not entered a case management order. Memo. in Opp. [26] at 2. The case management order does not close the pleadings. The pleadings close when the last pleading is filed. King and Epps filed their Answer [20], and Rathmann has no right to file a responsive pleading. *See* Fed. R. Civ. P. 12(a).

3

statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

Before a district court can allow limited discovery on a motion for qualified immunity, it must first find the plaintiff has "[pled] specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Then the Court may order limited discovery if it "remains 'unable to rule on the immunity defense without further clarification of the facts.'" *Id.* (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987)). This procedure requires the Court "first to conclude that the allegations would overcome qualified immunity, and only then to allow 'narrowly tailored' discovery aimed at facts required to decide qualified immunity." *Wooten v. Roach*, 964 F.3d 395, 406 (5th Cir. 2020) (citing *Backe*, 691 F.3d at 648).

III. Analysis

    A.    Failure to Intervene under § 1983

The only claim that remains pending against King and Epps in their individual capacities is a failure to intervene claim under § 1983. King and Epps argue that qualified immunity bars this claim. "The doctrine of qualified immunity protects government officials from civil damages liability when their actions could reasonably have been believed to be legal." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 347 (5th Cir. 2017) (quoting *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011) (en banc)). "A good-faith assertion of qualified immunity" shifts the

burden of proof to the plaintiff "to show that the defense is not available." *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (internal citations omitted). To rebut a qualified immunity defense, Rathmann must establish King and Epps each "(1) violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Brinsdon* 863 F.3d at 347 (quoting *Swanson*, 659 F.3d at 371) (internal quotations omitted). King and Epps argue only that Rathmann fails to allege they violated Ms. Rathmann's constitutional rights through a failure to intervene.

To succeed on a failure to intervene theory, Rathmann must show King and Epps "(1) knew a fellow officer was violating an individual's constitutional rights, (2) w[ere] present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." *Joseph on behalf of Est. of Joseph v. Bartlett*, 981 F.3d 319, 343 (5th Cir. 2020) (citing *Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013)). King and Epps argue Rathmann does not allege that they knew Ms. Rathmann was being assaulted, that they were present during the assault and had a reasonable opportunity to prevent it, or that they chose not to act. Memo. in Support [23] at 7-8.

Rathmann does not refute King and Epps' arguments. Instead, he contends he cannot know these facts because "[w]hen a death occurs while an individual is in custody, such as a jail, it is very difficult for a Plaintiff to get information, records, incident report, etc. to determine exactly what happened, who was possibly involved, and the extent of that involvement" as "[t]his information is exclusively in

5

the control of Defendants." Memo. in Opp. [26] at 4. The Court's decision on King and Epps' Motion for Judgment on the Pleadings [22], then, depends on its decision about discovery.

B.     Request for Discovery

The Court previously articulated the standard for determining whether to grant discovery on qualified immunity, Order [18] at 11. But Rathmann still makes no argument under this standard, instead lodging general policy arguments against the qualified immunity doctrine. Memo. in Opp. [26] at 5-10.

Rathmann does not plead sufficient facts showing that he is entitled to discovery on qualified immunity. Rathmann also does not allege that King and Epps knew Ms. Rathmann was being assaulted the night of White's attack, were present during the assault and had a reasonable opportunity to prevent it, or chose not to act. *See Joseph*, 981 F.3d at 343 (citing *Whitley*, 726 F.3d at 646). With no other allegations or argument, the Court is left to assume that Rathmann sues King and Epps solely based on their official positions as superintendent and warden. Binding precedent from the Fifth Circuit prevents the Court from allowing discovery on qualified immunity without further explanation or allegations from Rathmann. *See Wooten*, 964 F.3d at 406 (citing *Backe*, 691 F.3d at 648).

Because it cannot grant discovery, the Court grants King and Epps' Motion for Judgment on the Pleadings [22] and dismisses the claims against them. The case remains pending against the Doe Defendants. The Court will permit Rathmann to obtain limited discovery to determine the identity of these Defendants. *Hittle v.*

*City of Garland*, 1 F.3d 1236, 1993 WL 309911, at *2 (5th Cir. 1993) (citing *Colle v. Brazos Cnty.*, 981 F.2d 237, 243 (5th Cir. 1993)) ("A plaintiff should be given an opportunity through discovery to determine the identity of a defendant; if the plaintiff fails to name the defendant after a reasonable period of time, the claim is subject to dismissal for failure to prosecute.").

IV. Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the Court's decision. For these reasons, the Court GRANTS King and Epps' Motion for Judgment on the Pleadings [22] and DISMISSES WITH PREJUDICE the claims against them.

This case remains pending against the Doe Defendants in their individual capacities. Rathmann should contact the assigned magistrate judge within ten days from the date of this Order to establish case management deadlines. The Court will allow Rathmann fourteen days after the close of discovery to amend his complaint to add the identity of the Doe Defendants. If no amendment is made by that date, the Court will assume Rathmann has chosen not to pursue the Doe Defendants and will dismiss the case as to the Doe Defendants without prejudice.

SO ORDERED AND ADJUDGED this the 12th day of April, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT