UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENT W. RATHMANN, individually
and on behalf of all heir-at-law and
wrongful death beneficiaries of Nicole
Marie Rathmann, deceased and the
estate of Nicole Marie Rathmann

V.                                    CIVIL ACTION NO.  3:20-CV-33-KHJ-LGI

OFFICER ALLYSA MIDDLETON;
LIEUTENANT SHELIA LAWSON;
SERGEANT VICKIE BURTON;
CAPTAIN TERESA BURTON;
CENTURION OF MISSISSIPPI, LLC d/b/a
CENTURION HEALTH SOURCES; and
JOHN DOES 1–5                                              DEFENDANTS


ORDER

        Before the Court is Defendant Centurion of Mississippi, LLC d/b/a Centurion

Health Sources' ("Centurion") Motion to Dismiss [52]. For the following reasons, the

Court denies the motion.

I.      Facts and Procedural History

        This case arises from the death of Nicole Marie Rathmann. At the time of her

death, Ms. Rathmann was an inmate at Central Mississippi Correctional Facility

("CMCF"). Amend. Compl. [45] ¶ 9.

        On August 21, 2018, an inmate entered Ms. Rathmann's cell and struck her

multiple times with a sock filled with locks and bars of soap. *Id.* ¶ 12. Another

inmate found Ms. Rathmann unresponsive and notified corrections officers—

Defendants Allysa Middleton, Sheila Lawson, and Vickie Burton—who responded to the scene. *Id.* ¶ 13. Lawson then called Defendant Teresa Burton several times for a vehicle to transport Ms. Rathmann to the medical unit. *Id.* T. Burton failed to answer the calls. *Id.* Because T. Burton did not respond, Lawson called for a medical emergency, and Ms. Rathmann was transported to the medical unit around 30 minutes after the incident was first reported. *Id.* No officials at CMCF allegedly tried to "stop, intercede, or prevent the brutal beating" of Ms. Rathmann. *Id.* ¶ 14.

Subsequently, Ms. Rathmann was transported to Merit Health Central where physicians determined that she suffered intracranial bleeding. *Id.* ¶ 16. Ms. Rathmann died two days later. *Id.* ¶ 21.

Before the August 21st incident, another inmate allegedly struck Ms. Rathmann in the head, but "no Defendant tried to offer immediate medical assistance following the assault" or send Ms. Rathmann for any x-rays or head scans to determine whether she suffered any cranial injuries. *Id.* ¶¶ 17, 19–20.

Plaintiff Kent W. Rathmann, individually and on behalf of all heirs-at-law and wrongful death beneficiaries of Ms. Rathmann, originally sued various individual defendants and John Does "in their individual and official capacities representing prison guards of CMCF and/or other employees, including supervisory officials whose identities are currently unknown." Compl. [1]. The Court dismissed each of the originally named defendants, leaving only the Doe Defendants. *See* Orders [18 & 28]. In April 2021, the Court allowed Mr. Rathmann to conduct limited discovery to determine the identities of the Doe Defendants. [28] at 6.

2

Mr. Rathmann filed his Amended Complaint on March 16, 2022, naming Middleton, Lawson, V. Burton, T. Burton, Centurion, and John Does 1–5 as Defendants. [45] ¶¶ 2–6. He alleges violations of due process and cruel and unusual punishment under § 1983, failure to intervene under § 1983, negligence, and wrongful death. *Id.* ¶¶25–39. Centurion now moves to dismiss the claims against it under Federal Rule of Civil Procedure 12(b)(6). [52].

## II.    Standard

In reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (alteration omitted)). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

III.    Analysis

Centurion contracts with Mississippi Department of Corrections ("MDOC") to supply medical services to inmates. [45] ¶ 23. Centurion moves to dismiss the claims against it, arguing that they are barred by the applicable statute of limitations and the relation-back doctrine under Rule 15(c)(1)(C) does not apply. Def.'s Memo in Support of Mot. to Dismiss [53] at 4–11. Mr. Rathmann counters that the claims relate back under Rules 15(c)(1)(A) and 15(c)(1)(C) and are therefore not barred by the statute of limitations. Pl.'s Memo in Opposition to Mot. to Dismiss [61] at 5–9.

The parties do not dispute that the § 1983 claims are subject to Mississippi's three-year statute of limitations, nor do they dispute that the negligence and wrongful death claims are subject to Mississippi's two-year statute of limitations. [53] at 5, 6–8; [61] at 5, 6–7. But they dispute whether Mr. Rathmann's Amended Complaint adding claims against Centurion relate-back to the original complaint. [53] at 8; [61] at 7.

To determine whether the Amended Complaint relates back to Mr. Rathmann's original complaint, the Court applies Rule 15(c). The Rule provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back. . . ." Fed. R. Civ. P. 15(c)(1)(A).

Mr. Rathmann relies on the Rule 15(c)(1)(A)'s advisory committee's notes, providing that "[w]hatever may be the controlling body of limitations law, if that

law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim." [61] at 8 (citing Fed. R. Civ. P. 15(c)(1)(A) advisory committee's notes). Where, as here, "federal jurisdiction is based on federal question, the reference may be to the law of the state governing relations between parties." Fed. R. Civ. P. 15(c)(1)(A) advisory committee's notes.

Rule 15 of Mississippi Rules of Civil Procedure governs the relation-back of amended pleadings under state law. *Trepagnier v. Alimak Hek, Inc.*, No. 3:16-cv-615-WHB-JCG, 2017 WL 5659972, at *2 (S.D. Miss. Feb. 1, 2017) (citation omitted)). Relevant here, Mississippi Rule 15(c)(3) provides that "[a]n amendment pursuant to Rule 9(h) is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading." Miss. R. Civ. P. 15(c). This is an exception for amended pleadings under Rule 9(h), which applies to fictious parties. *Wilner v. White*, 929 So. 2d 315, 322–23 (Miss. 2006) (citing Miss R. Civ. P. 9(h)). For this exception to apply, the plaintiff must have exercised reasonable diligence in determining the true identity of the fictious party. *Turnage v. McConnell Sales and Eng'g Corp., Inc.*, No. 2:14-cv-124-KS-MTP, 2016 WL 527076, at *2 (S.D. Miss. Feb 9, 2016) (citing *Wilner*, 929 So. 2d at 322–23).

Mr. Rathmann argues that he exercised reasonable diligence in figuring out the identity of Centurion. *See* [61] at 6 n. 3. But Centurion disagrees. *See* Def.'s Memo in Support of Resp. [64] at 3–5. "The trial court's review of whether the plaintiff exercised a reasonably diligent inquiry is to be strict." *Doe v. Miss. Blood*

*Servs., Inc.*, 704 So. 2d 1016, 1019 (Miss. 1997). "The purpose of Rule 9(h) is to provide a mechanism to bring in responsible parties, known, but unidentified, who can only be ascertained through the use of judicial mechanism such as discovery." *Id.*

The Court finds that Mr. Rathmann exercised reasonable diligence in identifying Centurion. Mr. Rathmann points out that after the Court granted him limited discovery to discover the identity of the Doe Defendants and file his Amended Complaint, he served MDOC with a subpoena to produce documents concerning the incident reports related to Ms. Rathmann from August 21, 2018 to August 23, 2018. [61] at 6 n. 3; Subpoena Returned Executed as to MDOC [33]. Mr. Rathmann also submitted limited discovery requests to counsel for the dismissed defendants. [61] at 6 n. 3; Not. of Service of Interro. [34]; Not. of Service of Request for Prod. [35]. He received no response to either the subpoena or limited discovery requests. *Id.* Mr. Rathmann then moved to compel [40] in October 2021, detailing his efforts to contact MDOC to no avail. The Court granted the motion to compel in December 2021. Order [41]. MDOC then complied with the Court's order to compel in January 2022, and Mr. Rathmann filed his Amended Complaint.

Mr. Rathmann took timely action to determine the identities of the Doe Defendants. He asked the Court for discovery, submitted discovery requests, served subpoenas, and moved to compel the discovery when met with silence from MDOC. Then, upon discovering Centurion through that discovery, Mr. Rathmann timely filed his Amended Complaint. The Court therefore finds that Mr. Rathmann

6

exercised reasonable diligence in his pursuit to figure out the identity of the fictious parties. Accordingly, Rule 15(c)(3) applies, and the Amended Complaint relates back to the original pleading. The Court therefore denies Centurion's motion to dismiss.

IV.     Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the Court's decision. For these reasons, the Court DENIES Centurion's Motion to Dismiss [52].

According to the Court's prior Order, "Counsel for Centurion shall promptly notify the Magistrate Judge of any order [on] Defendant Centurion's Motion to Dismiss and shall submit a proposed order lifting the stay." [69]. The deadline to do so is August 15, 2022.

SO ORDERED AND ADJUDGED this the 10th day of August, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT